Citation Nr: 1550155 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 11-05 133 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an increased rating for low back disability, including status-post compression fracture, degenerative joint disease (DJD), and degenerative disc disease (DDD), currently rated as 20 percent disabling. 


ATTORNEY FOR THE BOARD

Michael Wilson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1968 to July 1988.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which, in relevant part, denied entitlement to a disability rating higher than 20 percent for status post compression fracture.

In February 2015, the Board remanded the claim on appeal for further evidentiary development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

During VA examination of the Veteran's low back disability in September 2015, the Veteran reported having flare-ups of low back disability approximately one time week. The nurse practitioner conducting the examination stated that she could not make the required determination of whether pain, weakness, fatigability, or incoordination additionally limited the Veteran's functional ability during flare-ups without resort to mere speculation. Cf. Deluca v. Brown, 8 Vet. App. 202 (1995); 38 C.F.R. §§ 4.40, 4.45 (2015). The examiner stated that this could not be determined without direct contact with the Veteran during flares. This is contrary to applicable case law and laws and regulations. DeLuca, see Layno v. Brown, 6 Vet. App. 465 (1994). Remand for a new VA examination is required. 38 C.F.R. § 4.2 (2015).

Accordingly, this claim is REMANDED for the following action:

1. Schedule the Veteran for a VA examination of his back. The examiner should review the claims file, including this REMAND. All necessary studies and tests should be conducted.

The examiner should:

A) Report the ranges of thoracolumbar spine motion in degrees. 

B) The examiner should report the degree of additional range-of-motion loss due to any weakened movement, excess fatigability, incoordination, pain; or flare-ups. 

These determinations are required by VA regulations as interpreted by courts.

The examiner is advised that the Veteran is competent to report ranges of motion during flare-ups. 

The examiner should ask the Veteran to report the extent of limitation of motion during flare-ups.

2. If the benefits sought on appeal are not granted in full, issue a supplemental statement of the case; and return the appeal to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).